**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**Harry R. GLASSER, Florence Glasser, Joseph M. Schatz, Dora Schatz, Chicago National Bank, a national banking association, as trustee under trust No. 3518, Edward Weiss, Libby Weiss, Milton Weiss, Gertrude Weiss, Chicago Title & Trust Company, a corporation, Mutual Securities Company, Washington National Insurance Company, Defendants-Appellees.**

**Nos. 13174, 13206.**

United States Court of Appeals
Seventh Circuit.

March 1, 1961.

Abbott M. Sellers, Acting Asst. Atty. Gen., Sharon L. King, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., Harvey M. Silets, Asst. U. S. Atty., Chicago, Ill., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Helen A. Buckley, Attys., Dept. of Justice, Washington, D. C., for appellant.

Edward Rothbart, John P. Hampton, Roger D. Doten, Chicago, Ill., for appellee Harry R. Glasser.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

From a summary judgment entered in its favor in the district court, United States of America, appellant, has appealed insofar as the judgment failed to include interest upon that portion of the assessments constituting interest upon tax deficiencies determined in the collection of federal income taxes and in the foreclosure of tax liens upon certain property interests of Harry R. Glasser, taxpayer.

The facts are not controverted.

The Commissioner of Internal Revenue made the following tax assessments and notice and demand for payment thereof upon the taxpayer:

| Assessment Date | Taxable Year | Tax Deficiency | Fraud Penalty | Interest | Total |
|---|---|---|---|---|---|
| April 7, 1950 | 1946 | $ 9,480.85 | $ 7,530.05 | $1,590.83 | $18,601.73 |
| April 7, 1950 | 1947 | 24,082.11 | 16,583.20 | 2,595.92 | 43,261.23 |
| | | $33,562.96 | $24,113.25 | $4,186.75 | $61,862.96 |

Various payments and credits in the amount of $10,246.59 have been made at various times in regard to the 1946 taxes, leaving a balance due of $8,355.14 for 1946. There have been no payments or credits applied against the 1947 taxes. The total balance due is therefore $51,616.37, plus statutory interest.

The district court held that the interest accrued upon the above assessments was to be determined at the rate of six per cent per annum upon the assessments of tax and penalty but without regard in such computation to interest assessed thereon. In other words, the court allowed interest only on the unpaid assessments of taxes and penalties. It refused to allow interest upon the assessment of accrued interest to the date of assessment. The court entered a judgment for the total of $86,510.65, plus costs, together with statutory interest from May 6, 1960, until the judgment is satisfied.[1]

The United States points out that 26 U.S.C.A. § 294(b), Internal Revenue Code of 1939, expressly provides that where a deficiency, or any interest or additional amounts assessed in connection therewith are unpaid, "there shall be collected as part of the tax, interest upon the unpaid amount", and contends that this language is unequivocal; hence the government is entitled to collect interest upon unpaid assessed interest.

On the other hand, the taxpayer contends that § 294(b) is subject to construction and that the repugnance of the law to compound interest and the fact that Congress now has by the 1954 Code, 26 U.S.C.A. § 6601(f) (2), specifically prohibited the collection of compound interest, require construction of § 294(b) of the Internal Revenue Code of 1939 so as not to provide for compound interest.

■ While there is authority for the proposition that the law does not favor compound interest or interest on interest, it is recognized that this consideration will not prevail in the face of a statute authorizing it. 47 C.J.S. Interest § 4, p. 15.

■ 26 U.S.CA. § 294(b), Internal Revenue Code of 1939, as amended, provides:

"Where a deficiency, or any interest or additional amounts assessed in connection therewith under section 292, or under section 293, or any addition to the tax in case of delinquency provided for in section 291, is not paid in full within ten days from the date of notice and demand from the collector, there shall be collected as part of the tax, interest upon the unpaid amount at the rate of 6 per centum per annum from the date of such notice and demand until it is paid. * * * "

This language is clear and unequivocal. There is no occasion for construction or interpretation. This statutory language sustains the government's contention that it is entitled to collect interest upon the unpaid assessed interest. That result is not affected by the fact that, in the 1954 Code, Congress saw fit to change the law on that subject when it provided, by 26 U.S.C.A. § 6601(f) (2):

"No interest under this section shall be imposed on the interest provided by this section."

Thereby it merely changed the pre-existing law.

For these reasons the order of the district court granting judgment, without including therein interest on the interest accrued to the date of the tax assessments, and the order for the deficiency decree entered September 13, 1960 are reversed and the cause is remanded for the sole purpose of correcting said orders, judgment and decree to conform with the views herein expressed as to the allowance of interest.

Reversed and remanded with directions.

---

1. To satisfy this judgment the United States marshal sold certain property, the sale was approved, and a deficiency decree in favor of the United States was entered on Sept. 13, 1960. An appeal was also taken from that decree in No. 13206.