340 F.2d 56
 65-1 USTC P 9150
 UNITED STATES of America
v.
Albert N. SHAHADI, Josephine Shahadi, Guarantee Bank and
Trust Company ofAtlantic City, New Jersey, County of
Atlantic, New Jersey and Frank S. Farley,Treasurer of the
County of Atlantic, Albert N. Shahadi, Appellant.
 No. 14873.
 United States Court of Appeals Third Circuit.
 Argued Nov. 19, 1964.
Decided Jan. 8, 1965.
 
 George P. Walker, Camden, N.J. (Robert M. Taylor, Philadelphia, Pa., on the brief), for appellant.
 George F. Lynch, Dept. of Justice, Tax Div., Washington, D.C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Attys., Dept of Justice, Washington, D.C., David M. Satz, Jr., U.S. Atty., on the brief), for appellee.
 Before STALEY, GANEY and FREEDMAN, Circuit Judges.
 STALEY, Circuit Judge.
 
 
 1
 This appeal requires us to decide whether under the Internal Revenue Code of 1939 the six-year statute of limitations on suits for collection based on jeopardy assessments is tolled while the determination of liability underlying the assessment is under consideration in the Tax Court. The district court found that the statute was suspended and that the proceeding for collection before it on complaint by the United States was therefore timely. The correctness of that decision is the only question before us on this appeal.
 
 
 2
 The operative facts were stipulated in the district court and can be summarized as follows. Jeopardy assessments, based on asserted liabilities of the taxpayer for the years 1944 through 1951 and of his wife for 1950 and 1951 were made on January 7, 1954. A notice of deficiency (90-day letter) was mailed on February 11, 1954. On May 10 of the same year, a petition for redetermination of liability was filed with the Tax Court.[1] The Tax Court rendered its decision by judgment on July 31, 1958. Shahadi v. Commissioner, 29 T.C. 1157 (1958). This court affirmed. 266 F.2d 495 (1959). A petition for a writ of certiorari to the Supreme Court was denied on October 26, 1959. 361 U.S. 874, 80 S.Ct. 137, 4 L.Ed.2d 113.[2]
 
 
 3
 From the time of the making of the jeopardy assessments in 1954, considerable efforts were made by the District Director of Internal Revenue to collect on them. When, in 1961, a liability of $67,211.11 remained outstanding, the United States brought suit on June 2 of that year to reduce the liability to judgment. Cross-motions for summary judgment were filed in the case, and judgment was entered for the United States. The defense of the statute of limitations interposed by the taxpayer was rejected by the district court for the reason that the Tax Court proceedings tolled the statute. It must be conceded that if the statute of limitations was suspended, the suit here was timely.
 
 
 4
 The pertinent section of the Internal Revenue Code of 1939 reads as follows:
 
 
 5
 '277. Suspension of running of statute
 
 
 6
 'The running of the statute of limitations provided in section 275 or 276 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 272(a)) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board (Tax Court), until the decision of the Tax Court becomes final), and for sixty days thereafter.'
 
 
 7
 It is obvious that the statute, on its face, firmly supports the conclusion of the district court by providing that the running of the statute of limitations on suits for collection is suspended during proceedings in the Tax Court under any circumstances.
 
 
 8
 The taxpayer, however, argues that the provision for jeopardy assessments under 273 is an exception to the general assessment provisions of 272.[3] From this it is argued that 277 does not apply to jeopardy assessments because that section refers only to 272(a). The conclusion simply does not follow from the premise. There is no question that the procedure under 273 (jeopardy assessments) differs from the procedure provided under 272. But 273(b), like 272(a), requires the mailing of a notice of deficiency to the taxpayer. Indeed, the statute specifically provides that the notice following a jeopardy assessment shall be mailed under 272(a). 26 U.S.C. 273(b) (1952 ed.). More importantly, the statutory scheme calls for the same chain of events whether a jeopardy assessment has been made or not. In either case, the taxpayer has the opportunity to secure a redetermination of his liability in the Tax Court.
 
 
 9
 The taxpayer next notes that the Commissioner was not barred from proceeding to collect on the assessment while the matter was before the Tax Court. On the basis of this, it is urged that 277 suspends the running of the statute of limitations only if the Commissioner is so prohibited, or, as he puts it, only as long as 'the Commissioner's hands are tied.' But the very language of 277 refutes the argument. For the clause suspending the statute during the period the Commissioner is barred from acting is immediately followed by the parenthetical clause '(and in any event, etc.).' Taxpayer's reading of the statute is persuasive only if the parenthentical clause is regarded as a nullity. We are obviously entirely without power to amend statutes of Congress in this or any other fashion.
 
 
 10
 In support of this latter argument, the taxpayer refers us to the Congressional history of the section. Nothing in the reports or debates, however, would indicate that Congress did not intend what the plain words of the statute mean. The following language, taken from the 1928 House Committee Report, which was made at the time the present parenthetical phrase '(and in any event, etc.)' was proposed to and approved by Congress, H.Rep. No. 2, 70th Cong., 1st Sess., 23-24 (1939-1 Cum.Bull. (Part 2) 384, 399-400); S.Rep. No. 960, 70th Cong., 1st Sess., 31-32 (1939-1 Cum.Bull. (Part 2) 409, 431), is as helpful as anything to which we have been referred:
 
 
 11
 'Under existing law and under the provisions of the bill, the running of the limitation period on assessments is suspended while an appeal is pending before the Board. Subsequently the Board may dismiss the appeal on the ground that the petition was not filed within the 60-day period or, for example, because the paper filed within the period was not sufficient to constitute a petition. The decision dismissing the appeal may not be made until months after the proceeding was begun and there is some question whether in such cases the statute of limitations on assessment is actually suspended during the pendency of the proceeding. It is specifically provided in section 277 that the limitation period shall be suspended, if any proceeding is placed on the docket of the Board, until the decision of the Board in respect thereof becomes final and for 60 days thereafter.
 
 
 12
 'This provision also takes care of any uncertainty as to the suspension of the statute where, after the decision of the Board, a petition for review is filed without the required bond. It also provides for the situation where a taxpayer files a waiver of the restrictions on the Commissioner as to assessment or collection where the legal sufficiency of the waiver may not be determined for a considerable period of time after it is filed.'
 
 
 13
 A fair reading of this report seems to make it clear that in adding '(and in any event, etc.)' to the statute, it was intended to provide that the statute of limitations be suspended in any and all situations where action is taken by the taxpayer to have deficiencies redetermined by proceedings in the Tax Court.
 
 
 14
 The conclusion reached on the basis of our analysis of the statute and legislative history has ample support in the decided cases. Estate of Iaconi, April 21, 1961, P61,106 P-H Memo T.C.; Bartmer Automatic Self Service Laundry, Inc. v. Commissioner, 35 T.C. 317 (1960). The cases construing 277 have uniformly construed it in the broadest fashion, to stop the running of the statute when matters are being litigated in the Tax Court under any circumstances. Green Spring Dairy, Inc. v. Commissioner, 208 F.2d 471, 476-477 (C.A. 4, 1953); American Equitable Assurance Co. of New York v. Commissioner, 68 F.2d 46 (C.A. 2, 1933); Mutual Lumber Co. v. Poe, 66 F.2d 904 (C.A. 9, 1933); United States v. Shepard's Estate, 196 F.Supp. 281 (N.D.N.Y., 1961).
 
 
 15
 The judgment of the district court will be affirmed.
 
 
 
 [1]
 The petition filed on this date concerned tax liability for all years named except 1947. A petition covering 1947 was filed earlier and consolidated with the instant petitions for Tax Court hearing. The difference in dates is of no consequence for purposes of this appeal
 
 
 [2]
 The denial of a petition for writ of certiorari renders the decision of the Tax Court final. 26 U.S.C. 1140(b)(2) (1952 ed.). Thus the statute was tolled, if at all, for the entire period between the filing of the petition for redetermination in the Tax Court and the denial of the petition for writ of certiorari
 
 
 [3]
 Sections 272 and 273 in pertinent part read, respectively, as follows:
 'Internal Revenue Code of 1939:
 '272. Procedure in general
 '(a) (1) Petition to the tax court of the United States. If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *' 26 U.S.C. 272 (1952 ed.). '273. Jeopardy Assessments
 '(a) Authority for making. If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) and notice and demand shall be made by the collector for the payment thereof.
 '(b) Deficiency letters. If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 272(a), then the Commissioner shall mail a notice under such subsection within sixth days after the making of the assessment.' 26 U.S.C. 273 (1952 ed.).