**Walter COHEN, Estelle J. Frindel and Alvin T. Sapinsley, as Executors of the Estate of Elias A. Cohen, Deceased, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**No. 65 Civ. 2633.**

United States District Court
S. D. New York.

Feb. 21, 1968.

Sapinsley & Lukas, New York City, for plaintiffs, Alvin T. Sapinsley, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for defendant, Richard M. Hall and Samuel M. Eisenstat, Asst. U. S. Attys., of counsel.

MANSFIELD, District Judge.

In this action for a refund of estate taxes in the sum of $42,427.18 alleged to be an illegal charge of interest upon interest, both parties move for summary judgment. The facts are undisputed. Plaintiffs are the executors of the estate of Elias A. Cohen, who died on July 2, 1952. An estate tax return duly filed on April 23, 1954 showed no estate tax due. On or about April 15, 1957, after audit, an assessment was made which, after partial abatement, amounted to $1,-

319,453.81, of which $1,088,535.15 was a deficiency in estate tax and $230,918.66 was interest on that amount for the period from October 2, 1953, when payment of the estate tax was due, to the date of assessment.

Plaintiffs paid the assessed tax and interest in installments, and the Commissioner, acting pursuant to § 893 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 893, charged the estate interest on the unpaid balance until payment was completed. As a result the Commissioner collected $42,427.18 representing "interest upon interest," since $230,-918.66 of the total assessment of $1,319,-453.81 was interest. Plaintiffs contend that this charge of "interest upon interest" was unlawful and that the Commissioner was entitled to charge interest after the date of assessment only on the assessed deficiency of $1,088,535.15. The resolution of this controversy depends on whether the provisions of the 1939 Code, or of the 1954 Code, which was enacted on August 16, 1954, two years after decedent's death, govern the assessment of interest on the deficiency payable by this estate.

Chapter 3 of the 1939 Code, governing taxation of estates, permitted not only interest on deficiencies, § 891, but also "interest on interest," as follows:

"Sec. 893.   Additions to the Tax in Case of Nonpayment.

\*    \*    \*    \*    \*    \*

"(b) Deficiency

"(1) *Payment    not    extended.* Where a deficiency, *or any interest assessed in connection therewith under section 891,* or any addition to the tax provided for in section

3612(d), is not paid in full within 30 days from the date of notice and demand from the collector, there shall be collected as part of the tax, *interest upon the unpaid amount* at the rate of 6 per centum per annum from the date of such notice and demand until it is paid." (Emphasis added)

When Congress enacted the 1954 Code, Chapter 11 of which deals with taxation of estates of persons dying after the new Code became effective, it expressly prohibited imposition of interest on interest due from such estates, providing in Subtitle F, § 6601(f) (2):

"(2) *No interest on interest.*—No interest under this section shall be imposed on the interest provided by this section."

It is not disputed that the above-quoted provision, § 6601(f) (2) of Subtitle F of the 1954 Code, has no application to the present estate, in view of the provision in § 7851(a) of the 1954 Code that Subtitle F "shall take effect on the day after the date of enactment of this title [August 16, 1954] and shall be applicable with respect to any tax imposed by this title",[1] and that Chapter 11 (estate tax) "shall apply with respect to estates of decedents dying after the date of enactment of this title".[2] Although § 7851(a) (6) (A), quoted in footnote 1, provides that Subtitle F shall apply with respect to taxes imposed by the 1939 Code "to the extent provided in subparagraphs (B) and (C) of this paragraph", neither of the latter subparagraphs deal with the prohibition of "interest on interest" found in § 6601(f) (2), supra. See Riss & Co., Inc., 45 T.C. 230 (1965).

1. § 7851.  *Applicability of revenue laws*
"(a) *General Rules.*—Except as otherwise provided in any section of this title—

\*    \*    \*    \*    \*

"(6) *Subtitle F.*—
"(A)  General rule.—The provisions of subtitle F shall take effect on the day after the date of enactment of this title and shall be applicable with respect to any tax imposed by this title. The provisions of subtitle F shall apply with respect to any tax imposed by the In-

ternal Revenue Code of 1939 only to the extent provided in subparagraphs (B) and (C) of this paragraph."

2. § 7851(a) (2) provides:
"(A) Chapter 11 of this title shall apply with respect to estates of decedents dying after the date of enactment of this title, and with respect to such estates chapter 3 of the Internal Revenue Code of 1939 is hereby repealed."

■ The decedent here having died prior to the "date of enactment" of the 1954 Code, so that the tax assessed against his estate was not a tax "imposed by" the 1954 Code, its express prohibition against imposition of "interest on interest" does not apply.

■ Plaintiffs, while conceding the foregoing, argue that other provisions of the 1954 Code repeal the authorization for "interest on interest" found in § 893 of Chapter 3 (estate tax) of the 1939 Code, supra, at least where, as here, the assessment of tax and interest is made after the date of enactment of the 1954 Code. The gist of plaintiffs' contention is that since § 7851(a) (7), the "general repealer" in the 1954 Code, provides that "if the repeal of any provisions of the Internal Revenue Code of 1939 is not otherwise provided by this * * * or * * * any other section of this title, such provision is hereby repealed * * *", and since § 7851(a) (2) (A), quoted in footnote 2, limits its repeal of Chapter 3 (estate tax) of the 1939 Code to "estates of decedents dying after the date of enactment of this title," the "general repealer" provision in the 1954 Code has the effect of repealing Chapter 3, including § 893, of the 1939 Code with respect to estates of decedents dying before the enactment of the 1954 Code, such as the decedent here.

A fundamental error in plaintiffs' position is their failure to recognize that § 7851(a) (7) of the 1954 Code repeals the 1939 Code only to the extent that "repeal of any provisions of the Internal Revenue Code of 1939 is not otherwise provided by this section or any other section of this title"; and that another section of the same title, § 7851(a) (2) (A), quoted in footnote 2, provides a specific repeal of Chapter 3, including § 893, of the 1939 Code, which is limited in its application to "estates of decedents dying after the date of enactment of this title." By dealing specifically with the subject of repeal of Chapter 3 of the 1939 Code and limiting such specific repeal to estates of those dying after the effective date of the 1954 Code, Congress made it clear that the repeal would be thus limited and that the general repeal provisions of § 7851(a) (7) would not apply for the reason that the latter section is not to be invoked where repeal of a provision is "otherwise provided by this section." The interpretation suggested by plaintiffs would render the specific repealer, § 7851(a) (2) (A), as well as the 1954 Code's express prohibition of interest on interest with respect to estates of those dying after its enactment, useless surplusage. When the specific provisions of § 7851(a) (2) (A) are read with the general provisions of § 7851(a) (7), the Congressional purpose was clearly to continue Chapter 3, including § 893, of the 1939 Code in effect with respect to estates of decedents dying before the date of enactment of the 1954 Code.

■ Since § 893 of the 1939 Code was not repealed by the 1954 Code with respect to estates of those predeceasing the latter's enactment, it becomes unnecessary to discuss the question of whether the general savings provisions of the 1954 Code, § 7851(b) [3] preserved the Commissioner's right to collect "interest on interest" under the 1939 Code, except to comment on plaintiffs' argument to the effect that "interest on interest" assessed after the enactment of the 1954 Code on August 16, 1954 cannot be considered "accrued" as of that date for the reason that it was "contingent" upon the estate's failure to pay within 30 days of notice and demand, an event which had not then occurred. On the same theory it could be argued that simple interest imposed upon an unpaid assessment after August 16, 1954, is "contingent" upon the es-

---

3. "(b) *Effect of repeal of Internal Revenue Code of 1939—*
 "(1) *Existing rights and liabilities.*— The repeal of any provision of the Internal Revenue Code of 1939 shall not affect any act done or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause, before such repeal; but all rights and liabilities under such code shall continue, and may be enforced in the same manner, as if such repeal had not been made."

tate's failure to pay the assessment. Yet even plaintiffs concede the Commissioner's right to collect such interest.

In short, although the philosophy of the 1954 Code has been against imposition of compound interest, i. e., interest on interest, thus departing from that of the 1939 Code, the change was limited by Congress to estates of decedents dying after the date of enactment of the 1954 Code. Cf. Ingannamorte v. United States, 189 F.Supp. 341 (D.N.J.1960) (income tax). If Congress had intended otherwise, it would, in specifying in § 7851(a) (6) (A) that certain provisions of the new Code would apply to taxes imposed under the 1939 Code, have included the newly enacted section prohibiting "interest on interest," § 6601(f) (2), supra. Instead it provided that the new provisions would apply to taxes under the 1939 Code "only to the extent provided in subparagraphs (B) and (C)" which do not apply here, and that otherwise the new provisions would apply to estate taxes only with respect to "estates of decedents dying after the date of enactment of this title".

Accordingly plaintiffs' motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

So ordered.