**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vera R. MAXWELL, Defendant-Appellant,**

**and**

**Hugh Stanton Parker, etc., Defendant.**

**No. 71-3055.**

United States Court of Appeals, Fifth Circuit.

May 1, 1972.

---

R. B. Cannon, Ft. Worth, Tex., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Fort Worth, Tex., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., K. Martin Worthy, Chief Counsel, I.R.S., Virginia H. Gallagher, Paul M. Ginsburg, Virginia M. Hopkinson, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

In this suit by the United States against defendant taxpayers to reduce to judgment assessments of income taxes, the principal issue is whether the 6-year period of limitation prescribed by Section 6502(a) (1) of the Internal Revenue Code of 1954 had run prior to institution of the action.

A jeopardy assessment was made on March 24, 1959 against taxpayers, and the complaint herein was filed August 9, 1968, 9 years, 4 months, and 16 days later. However, on August 3, 1959, taxpayers filed a petition in the Tax Court of the United States for a redetermination of the tax liability and the Tax Court's decision was not rendered against taxpayers until December 30, 1964.

Under the provisions of Section 6503(a) (1) of the Internal Revenue Code of 1954, the period of limitation was thus tolled for a period of approximately 5½ years unless we interpret the section as being inapplicable to jeopardy assessments. United States v. Shahadi, 3 Cir., 1965, 340 F.2d 56, decided this question adversely to taxpayers and held that the section was applicable when a taxpayer seeks review in the Tax Court of a jeopardy assessment. We agree with the Third Circuit holding for the reasons there expressed. Thus in this case the statute of limitations was suspended by the pendency of the Tax Court action until 60 days after the Tax Court decision became final. Section 7483 of the Internal Revenue Code of 1954 provides that the decision appealed from becomes final 3 months after it is rendered. Adding the additional 60-day period results in the statute of limitations having been suspended from August 3, 1959 when the Tax Court petition was filed, until May 29, 1965. The filing of this suit by the United States on August 9, 1968 was, therefore, timely and within the 6-year period of limitation.

It is unnecessary that we consider the tolling effect of two offers in compromise submitted by taxpayers as to suspension of running of the statute of limitations since pendency of the Tax Court proceeding itself was sufficient to suspend the statute.

Taxpayers also contend that Section 6013 of the Internal Revenue Code of 1954 (as amended by the Act of January 12, 1971 relative to innocent spouses) relieves the surviving spouse, Mrs. Maxwell, from income tax liability under the circumstances here. However, taxpayers failed to appeal from the Tax Court decision of December 30, 1964 and are thereby precluded from relitigating the tax liability in this action. See United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182

(1953); Cook v. United States, 5 Cir., 1940, 108 F.2d 804.

We have considered all of the defenses raised by the defendants in this action and find them to be without merit.

Affirmed.