**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Abraham Frank ZIMMERMAN and Sylvia Zimmerman, Defendants-Appellants.**

**No. 72–1148.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 26, 1973.

Decided April 30, 1973.

Anna R. Lavin, Joseph M. Solon, Chicago, Ill., for defendants-appellants.

Scott P. Crampton, Asst. Atty. Gen., Murray S. Horwitz, Atty., Tax Division, Department of Justice, Washington, D. C., James R. Thompson, U. S. Atty., William T. Huyck, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, and KILEY and PELL, Circuit Judges.

CASTLE, Senior Circuit Judge.

·On October 29, 1971, the district court entered its decision reducing to judgment certain assessments for unpaid income taxes against Abraham Zimmerman for the· years 1923 to 1931, and holding Abraham and Sylvia Zimmer-

man jointly and severally liable for income tax liabilities for the years 1959 through 1962. On this appeal Sylvia Zimmerman seeks relief from the joint liability imposed upon her for 1959–1962 taxes because of the amendment of the internal revenue statute upon which her liability was originally based.

Apparently the Zimmermans filed suits in the Tax Court of the United States during 1966 for a determination of their tax liabilities. (Cases Nos. 1374–66 and 1375–66.) While these suits were still pending, the United States filed an action in district court pursuant to 26 U.S.C. § 7402(a) (1964) which sought to reduce certain tax assessments against the Zimmermans to judgment. Count I of the government's complaint alleged deficiencies for the years 1923 through 1931, and Count II alleged unpaid liabilities for the years 1959 and 1961. The Zimmermans filed their answer denying the allegations of these two counts, and they asserted the statute of limitations and the alleged failure of Counts I and II to state a cause of action. The district court litigation then became drawn out due to a series of postponed pretrial meetings, continuances, and motions for partial summary judgment. In the meantime, the Tax Court rendered a decision in cases Nos. 1374–66 and 1375–66 on July 8, 1970 "pursuant to agreement of the parties." The decision in 1374–66 determined that the deficiencies in the income tax payments of Abraham Zimmerman for 1959, 1960, 1961 and 1962 amounted to $26,441.98, $54,096.48, $62,216.32 and $5,073.80 respectively, and that he also owed the government various additional sums for the years in question pursuant to 26 U.S.C. § 6653(b). The decision in 1375–66 found Sylvia Zimmerman liable for the same deficiencies and penalties owed by her husband for the years 1959–1962.

On August 12, 1970 the government moved to amend its complaint in the district court action "to permit all issues between the interested parties to be litigated in one action thus saving unnecessary litigation." Its motion granted, the government struck Count II and alleged that the July 8 Tax Court decision had determined the assessments against the Zimmermans for 1959–62 and that the Zimmermans had refused to pay these assessments. The prayer of relief for the amended Count II sought an adjudication that:

. . . the defendants, Abraham F. and Sylvia Zimmerman, are jointly and severally liable and indebted to the plaintiff, United States of America, for unpaid taxes, penalties and interest assessed against them in the amount of $304,233.56, plus interest according to law.

The Zimmermans then filed their answer to the amended Count II and admitted that they owed $304,233.56 to the government. Their answer also admitted "that the United States of America is entitled to the relief prayed under . . . Count II of the Complaint."

After a trial on only the first count of the complaint (the liability for taxes for 1923 to 1931), the district court adjudged that the government was entitled to the relief it asked for in both Count I and Count II. Regarding Count II of the complaint, the Trial Court found:

13. The taxpayers, Abraham F. Zimmerman and Sylvia Zimmerman, cannot relitigate the taxes assessed against them on July 13, 1970 for the years 1959, 1960, 1961, 1962. These liabilities are the result of decisions of the Tax Court of the United States, which are res judicata as to the question of the liability of the defendants. On this appeal Sylvia Zimmerman[1]

---

1. Despite the fact that both Abraham and Sylvia Zimmerman have appealed, it appears that the only real appellant here is Sylvia Zimmerman, for this appeal seeks only to reverse the judgment that she is

jointly and severally liable for the tax deficiencies and penalties incurred by her husband. If Sylvia were to prevail here and ultimately to prove sufficient facts to enable her to escape liability under the

asserts that her tax liability as determined by the Tax Court and confirmed in the district court was based on a statute which subsequently has been significantly modified. Prior to January 12, 1971, a husband and wife filing a joint return were automatically jointly and severally liable for income tax deficiencies and fraud penalties incurred even though the deficiencies and penalties were due to misstatements by one spouse and the other spouse was innocent. 26 U.S.C. §§ 6013 and 6653 (1964). Public Law 91–679 amended §§ 6013 and 6653 to allow an innocent spouse to escape joint liability under certain specified circumstances. These amended statutes became effective on January 12, 1971, six months after the Tax Court decision against Sylvia Zimmerman was rendered, and at least three months before the trial of the district court action. Appellant submits that the judgment of the district court on Count II should be reversed and remanded because of this intervening change of law between the dates of the Tax Court and district court decisions. She has also attacked the finding by the district court that the prior Tax Court decision is res judicata and prevents a relitigation of her tax liabilities for 1959 through 1962.

We find that the two arguments advanced by appellant are interrelated, for she cannot avail herself of the protection of the amended statutes if the 1970 Tax Court decision is res judicata as to her tax liability for 1959 through 1962. In enacting the amendments to §§ 6013 and 6653, Congress provided:

> This bill, of course, does not open a year which has been closed by the statute of limitations, res judicata or otherwise.

S.Rep.No.91–1537, 91st Cong., 2d Sess. 4 (1970), U.S.Code Cong. & Admin.News, p. 6093. If the Tax Court decision is res judicata as to her tax liabilities, the amended statutes are inapplicable to her liability.

Appellant argues that the determination of her tax liability for 1959 through 1962 cannot be res judicata because the doctrine applies only to points or questions actually litigated and determined in a prior action. United States v. International Building Co., 345 U.S. 502, 504–505, 73 S.Ct. 807, 97 L.Ed. 1182 (1953). She extends this argument to contend that, since the amended statutes allowing an innocent spouse relief from the misstatements on a joint return did not exist at the time of the Tax Court decision against her, she should now be given an opportunity to litigate the rights made available to her by the amendments which she could not litigate in the prior action.

■ We believe her attempt to avoid the consequences of the doctrine of res judicata is unacceptable for two reasons. First, appellant has based her argument on the assumption that the amended statutes have given her a "right" to litigate which she did not possess prior to the amendments. Her assumption, of course, would be erroneous if Congress did not give her a "right" to seek a relitigation of tax liabilities which have already been conclusively determined. We conclude, for reasons set forth below, that no new litigable right was given to the appellant by the amendments which she can now assert. Secondly, her argument claims too much. Pushed to its limits, it would reduce the above-quoted language from the Senate Report to a nullity, for this argument would allow the reopening of any determination of tax liability, no matter whether a final determination of this liability had been reached or not. We believe that the correct interpretation of congressional intent—in line with the principle of statutory construction that congressional intent should not be read in a way that will reduce it to a nullity, First National Bank v. Walker Bank & Trust Co., 385 U.S. 252, 261, 87 S.Ct. 492, 17 L.Ed.2d 343 (1966)—is that the amend-

amended versions of 26 U.S.C. §§ 6013 and 6653, Abraham Zimmerman would

then be liable for the full amount of $304,233.56.

ments to §§ 6013 and 6653 do not give any "rights" to taxpayers to relitigate their tax liabilities if these taxes have been determined through a conclusive final judgment rendered against the taxpayer. Thus, the key issue in light of this interpretation of congressional intent is whether the Tax Court decision rendered in 1970 was a conclusive determination of appellant's tax liability.

Our interpretation of congressional intent is supported by case law. In United States v. Maxwell, 459 F.2d 22 (5th Cir. 1972), the government sued in district court to reduce assessments against a taxpayer set by a decision of the Tax Court to judgment. The taxpayer claimed in defense that the amendment to § 6013 relieved her from joint liability with her husband. The fifth circuit rejected this argument, finding that the decision of the Tax Court, which became final when the taxpayers failed to take an appeal, was res judicata of the wife's tax liability and precluded relitigation of this liability. Similarly, in Sylk v. United States, 331 F.Supp. 661 (E.D.Pa.1971), the taxpayers sought to enjoin the government from exposing the wife's property to sale on the theory that the amendment to § 6013 after the Tax Court decision setting her liability relieved her of liability. The court rejected this argument, finding that the Tax Court decision was res judicata. The court also found that res judicata was applicable despite the claim by the taxpayer that the amendment to the statute gave her rights which she did not have at the time of the Tax Court adjudication. The court noted that Congress could properly grant only partial retroactive relief, and that the taxpayer in effect did not possess any rights at the time of her appeal different from those which she had at the time of the Tax Court decision.

The appellant seeks to distinguish the present case from the two above-cited decisions on the ground that the district court in the present case assumed the position of an "appellate court" by accepting the government's amendment to its complaint (which asserted the Tax Court judgments) before the expiration of the time to appeal from the Tax Court decision. We cannot accept the argument that the district court became an appellate court which assumed the power to review the correctness of the Tax Court decision, and that consequently the Tax Court decision was not res judicata. Congress has plainly provided that all appeals from Tax Court decisions are to be determined directly by the circuit courts of appeal. 26 U.S.C. § 7483 (1970). Clearly the district court did not have jurisdiction to pass upon the merits of the Tax Court decision. The record also indicates that appellant consented to entry of judgment against her by the Tax Court by signing a stipulation that the court could enter the decision against her. It has been repeatedly held that consent to entry of judgment against oneself waives one's right to challenge the judgment through any sort of appeal. Thonen v. Jenkins, 455 F.2d 977 (4th Cir. 1972), Stanford v. Utley, 341 F.2d 265, 271 (8th Cir. 1965), Stewart v. Lincoln-Douglas Hotel Corp., 208 F.2d 379, 381 (7th Cir. 1953), 9 Moore's Federal Practice ¶ 23.06 at 719 (2d Ed. 1972).[2] Thus, the judgment of the Tax Court became final when appellant consented to the entry of judgment against her, and the district court could assume no appellate jurisdiction over this judgment.

The appellant also attempts to distinguish the Maxwell and Sylk decisions on the ground that both cases involved a "break" in time between the Tax Court

2. We recognize that this principle of law may exist as an alternative ground for our decision affirming the judgment of the district court. Since appellant filed an answer which admitted her liability under

Count II and which consented to entry of judgment against her for the amount requested by the government, she in effect waived all rights to appeal the decision on Count II.

decision and the pendency of the district court proceedings. She notes that no "break" was involved in the instant case because the district court action was commenced prior to the time the Tax Court rendered its decision, and because the government promptly amended its complaint to seek to reduce the assessments determined by the Tax Court to judgment. We fail to see the implications of this attempted distinction for avoiding the effect of res judicata.

The judgment of the district court is affirmed.

Affirmed.

PELL, Circuit Judge (concurring).

While I am of the opinion that in all probability the majority opinion has reached a correct result on this appeal, I am troubled by certain aspects of the litigation below and the application of the principles of res judicata therein. I have phrased the matter in terms of "probability" because the matter of the nature of the litigation in the district court which has proved troublesome to me was not explored in the briefs or arguments of the parties. My own independent research merely confirms that the Internal Revenue Code possesses labyrinthine aspects into which one ventures with some uncertainty as to the correctness of his course.

The litigation between Sylvia Zimmerman and the Government apparently was proceeding in side-by-side cases in the Tax Court and the district court. When suit was originally filed in the district court the Government sought to recover in Count II a judgment for the years 1959 and 1961. I am unable to understand how these two years could properly have been the basis for the Government's seeking a judgment in the district court when those two years plus 1960 and 1962 were in litigation in the Tax Court. 26 U.S.C. § 6213(a) would seem to state that no "proceeding in court" for a collection should be prosecuted "if a petition has been filed with the Tax Court, until the decision of the

Tax Court has become final." Although a decision was entered in the Tax Court on July 8, 1970, for the four years in question, the decision of the Tax Court under 26 U.S.C. § 7481 would not become final until the expiration of the time allowed for filing an appeal. Apparently the Government waited 30 days and, no notice of appeal having been filed, then filed its motion to amend the district court complaint "to permit *all issues* between the interested parties to be litigated *in one action* thus saving unnecessary litigation." [Emphasis supplied.] In the amendment to the complaint accompanying the motion to amend, the Government prayed as follows:

"(a) That this Court adjudge and decree that the defendants, Abraham F. and Sylvia Zimmerman, are jointly and severally liable and indebted to the plaintiff, United States of America, for unpaid taxes, penalties and interest assessed against them in the amount of $304,233.56, plus interest according to law."

The amount specified was that which was claimed to be due for the four years covered by Count II, and the amendment to the complaint concerned Count II only. All of the language in the Government's motion and the amended complaint appears to be couched in terms of some sort of a new action in which the Government is seeking a judicial determination that a deficiency was owing by the Zimmermans for the four years in question.

Taking the Government's allegations at face value, if there was new litigation it would appear to me that res judicata would not be applicable because a change of law had occurred. The general principle thus applicable is set forth in 50 C.J.S. Judgments § 650, at 95 (1947) as follows:

"In accordance with the general rule stated supra this section that the estoppel of a judgment extends only to the facts and conditions as they were at the time the judgment was ren-

dered, it has been broadly held that res judicata is no defense where, between the time of the first judgment and the second, there has been an intervening decision or a change in the law creating an altered situation, as where the second suit seeks an adjudication of rights under a statute enacted subsequent to the determination of the first action." [Footnotes omitted.]

It seems clear that the Zimmermans intended the decision of the Tax Court entered July 8, 1970, to be a final decision, although Sylvia Zimmerman was not aware of the "innocent spouse" statute at that time because it had not yet become law. The stipulation which she signed reads in part as follows:

"It is further stipulated that, effective upon the entry of this decision by the Court, petitioner waives the restrictions, if any, contained in the applicable Internal Revenue laws on the assessment and collection of the deficiencies, plus statutory interest."

This stipulation would seem to be a waiver of her rights under 26 U.S.C. § 6213(d) to assert the restrictions provided for in 26 U.S.C. § 6213(a).

Nevertheless, if the amended complaint in the district court was in the nature of a second or new suit it would appear that she should be entitled, pursuant to the principle set forth hereinbefore, to assert the "innocent spouse" statute as being applicable to her without being barred by res judicata.

I have been unable to discern from the statutes the exact purpose of the proceedings in the district court since the Government already apparently had a final decision in the Tax Court. It would appear, however, taking the reference in 26 U.S.C. § 6213(a) to "proceeding in court for its collection" and noting the general pronouncements of district court jurisdiction in tax matters both in 26 U.S.C. § 7402, and 28 U.S.C. § 1340 and § 1345, that the litigation in the district court subsequent to the filing of the amendment to the complaint was in essence nothing more than an effort to enforce the collection of what was tantamount to a final judgment. To reach this result it is, of course, necessary to ignore the plain language of the prayer to the amendment to the complaint, but since the amount of the deficiency in taxes for the four years in question had already been determined with the decision having become final nothing more remained for the Government to do except to seek a district court judgment enforcing payment since the taxpayer had declined to pay voluntarily.

To the extent that it is arguable that there was new litigation here which would have permitted the assertion of the "innocent spouse" statute in the proceedings in the district court, it is to be noted that although the statute had become effective at the time the district court entered its judgment the statute was not asserted in the district court. In my opinion, the contention should not be permitted to be asserted for the first time on this appeal.

For the reasons hereinbefore set out, I concur in the result reached in the majority opinion of this court.