Lucille P. KAHN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 74 Civ. 2678.

United States District Court, S. D. New York.

Dec. 30, 1977.

Arum, Friedman & Katz, New York City, for plaintiff; Theodore H. Friedman, New York City, of counsel.

Robert B. Fiske, U. S. Atty., S. D. N. Y., New York City, for defendant; William G. Ballaine, New York City, of counsel.

ROBERT J. WARD, District Judge.

Plaintiff, Lucille P. Kahn ("Mrs. Kahn"), has moved for summary judgment, pursuant to Rule 56, Fed.R.Civ.P., in this action against the United States of America ("the government") for a tax refund. For the reasons hereinafter stated, plaintiff's motion is denied and the complaint is dismissed.[1]

Mrs. Kahn and her late husband, David E. Kahn ("Mr. Kahn"), filed a joint federal income tax return for the year 1943. The Internal Revenue Service ("IRS") determined that there was a deficiency of $33,096.08 due from the Kahns. Plaintiff and her husband then jointly filed a petition in the Tax Court for a redetermination of the alleged deficiency. That proceeding culminated in a decision in favor of the Commissioner of Internal Revenue ("the Commissioner") on April 8, 1953.[2] On September 22, 1953, the IRS assessed [3] against plaintiff and Mr. Kahn the deficiency of $33,096.08, plus accrued interest of $18,902.85.[4] The Second Circuit affirmed the decision of the Tax Court on January 25, 1955.[5]

On September 14, 1959, Mr. Kahn signed his name to a tax collection waiver extending the statute of limitations on collection of the assessment until December 31, 1961.

---

1. Both parties urge that the undisputed facts support summary judgment in their favor. However, they have requested the Court, on the basis of the current written record, to determine this matter finally in any event, acting as factfinder if any issues of material fact are found to be in dispute. Because the Court finds that the undisputed facts support summary judgment in defendant's favor, plaintiff's motion is denied and the complaint is dismissed.

2. The memorandum opinion appears in 12 T.C.M. 378 (1953).

3. Assessment is a prescribed procedure for officially recording the fact and amount of a taxpayer's administratively determined tax liability. Its effect is comparable to the reduction to judgment of a claim for taxes due. *Cohen v. Gross*, 316 F.2d 521, 522–23 (3d Cir. 1963); *Pipola v. Chicco*, 169 F.Supp. 229, 231 (S.D.N.

Y.1959), *modified on other grounds*, 274 F.2d 909 (2d Cir. 1960). The assessment creates a lien on "all property and rights to property" of the taxpayer, including real property. Int.Rev. Code of 1939, ch. 36, § 3670, 53 Stat. 448 (now I.R.C. § 6321). Filing of notice of the lien establishes the lien priority rights of the IRS versus other potential creditors. *Id.*, ch. 36, § 3672(a), 53 Stat. 449 (now I.R.C. § 6323(a)).

4. Since the Kahns did not file a bond covering the deficiency during their appeal, the government was not barred from assessing the tax deficiency notwithstanding the fact that the decision of the Tax Court was not yet final. *Id.*, ch. 5, § 1145, 53 Stat. 165 (now I.R.C. § 7485(a)).

5. The opinion is reported at 218 F.2d 822 (2d Cir. 1955).

The name "Lucille P. Kahn" is also handwritten on this waiver. However, the parties have stipulated that the signature is not that of plaintiff. Mrs. Kahn insists that she did not authorize anyone to sign her name to this form and that, prior to 1969, she had no knowledge or information that anyone had done so. Mr. Kahn and plaintiff executed another tax collection waiver covering the 1943 assessment on December 28, 1960. This waiver extended the statute of limitations until December 31, 1965. On October 26, 1965, the Kahns signed an additional waiver extending the statute of limitations on collection with regard to the 1943 assessment until December 31, 1970.

Mr. Kahn died in December, 1968, without sufficient assets to pay the tax liability. Shortly thereafter, plaintiff decided to sell the family residence, which had been purchased with her personal assets and of which she had at all times been sole owner. In order to do so, she had to remove the tax liens which had been placed upon it in connection with the 1943 and other tax deficiencies. About this time, plaintiff's son obtained from the IRS all tax collection waivers relating to the 1943 liability. The son noted that the 1959 form did not bear his mother's true signature and concluded that the statute of limitations barred satisfaction of the liability from Mrs. Kahn's assets. Because of time constraints involved in the sale of the house, plaintiff paid the full amount of the assessed deficiency and interest, $102,634.51, on December 15, 1969. The payment, however, was made without prejudice to her right to sue for a tax refund.

Plaintiff subsequently filed an administrative refund claim which was rejected by the IRS "since collection of the tax and interest was effected prior to the expiration of the statute." She then commenced the present action, claiming that the September 14, 1959 waiver was invalid as to her and that the Commissioner was barred from collecting the 1943 deficiency because the statute of limitations on collection expired prior to the execution of a valid waiver. Plaintiff also charges that the Commissioner acted improperly in computing compound interest on the deficiency. The government's position is that, in view of the statutory provision for tolling the statute of limitations, the time for collection had not expired when plaintiff signed a subsequent waiver on December 28, 1960.[6] Alternatively, the government contends, under agency principles of authorization and ratification, that the September 14, 1959 waiver was, in fact, valid and binding on plaintiff although it was not signed by her. Because the Court agrees that the statute of limitations had not expired when the December 28, 1960 waiver was executed, it need not determine the validity of the September 14, 1959 waiver.

### The Statute of Limitations

It is necessary to consider four sections of the Internal Revenue Code of 1939 ("the 1939 Code")[7] in order to calculate whether the statute of limitations on collection was still running at the time plaintiff executed the December 28, 1960 waiver. Section 275(a)[8] establishes the general rule that

---

**6.** Plaintiff protests that the government raised this argument for the first time in its memorandum in opposition to plaintiff's motion for summary judgment. While the government did not in the pre-trial order specifically detail its reliance on the tolling of the statute of limitations, the Court believes that this argument falls within the bounds of the government's contention that, regardless of the effectiveness of the September 14, 1959 waiver, "plaintiff is not entitled to recover because defendant has not illegally or erroneously collected sums from plaintiff." Plaintiff has not claimed prejudice, but only surprise, due to the government's alleged failure of communication. Moreover, the

Court, itself, does not perceive any prejudicial effect, as the government's argument is one purely of statutory construction which plaintiff had full opportunity to address in her reply brief.

**7.** The questions under consideration here are governed by the 1939 Code, not the Internal Revenue Code of 1954 ("the 1954 Code"). *See* I.R.C. § 7851(a)(6)(A)–(C). *See also* text at p. 393, *infra*.

**8.** Int.Rev. Code of 1939, ch. 1, § 275(a), 53 Stat. 86 (now I.R.C. § 6501(a)).

income tax must be assessed within three years of the filing of a tax return. Section 276(c) [9] provides that income tax must be collected within six years of its assessment unless, prior to the expiration of the six-year period, the Commissioner and taxpayer have agreed in writing to a different collection period. The period agreed upon may be further extended by subsequent written agreements made before the expiration of the period consented to previously.

Section 277,[10] the focal point of the controversy here, suspends the running of the statute of limitations on assessment and collection in certain specified circumstances, including

> (in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for sixty days thereafter.

Section 1140 [11] states that if the decision of the Tax Court is appealed and the Court of Appeals affirms, the decision of the Tax Court is not final until the expiration of the period for filing a petition for certiorari. If a petition for certiorari is filed and denied, the decision is not final until the time of such denial.

Applying these principles to the present case, the Kahns' petitioning for a redetermination of the tax deficiency found by the Commissioner suspended the running of the three-year statute of limitations on assessment which had begun to run when the Kahns filed their 1943 return. Int.Rev. Code of 1939 §§ 275(a), 277. It is clear that, had no assessment been made during the

course of those proceedings, the statute of limitations would have remained suspended until some time after [12] March 26, 1955, sixty days after January 25, 1955, the date the Second Circuit affirmed the decision of the Tax Court. *Id.* §§ 277, 1140; *see, e. g., Olds & Whipple v. United States,* 22 F.Supp. 809, 819, 86 Ct.Cl. 705 (1938). Moreover, if, prior to the commencement of the deficiency proceeding, an assessment had been made, triggering the running of the statute of limitations on collection, it is equally clear that the bringing of the proceeding would have tolled that statute until after March 26, 1955. *Id.* §§ 276(c), 277, 1140; *see, e. g., United States v. Maxwell,* 459 F.2d 22 (5th Cir. 1972); *United States v. Shahadi,* 340 F.2d 56 (3d Cir.), *cert. denied,* 381 U.S. 903, 85 S.Ct. 1447, 14 L.Ed.2d 285 (1965).

In the instant case, however, the IRS made its assessment on September 22, 1953, after the decision of the Tax Court, but prior to the decision on appeal. Upon the making of the assessment, the statute of limitations on collection began to run. *Id.* § 276(c). Thus, absent a valid waiver or any tolling of the limitations period, the time for collection would have expired on September 22, 1959. *Id.*

The parties are in agreement with regard to all of the foregoing. Their dispute is over the applicability of § 277 once the statute of limitations on collection began to run on September 22, 1953. The government contends that because the Tax Court decision in the Kahns' proceeding for a redetermination of the deficiency was not fi-

---

9. *Id.,* ch. 1, § 276(c), 53 Stat. 87 (now I.R.C. § 6502(a)).

10. *Id.,* ch. 1, § 277, 53 Stat. 88 (now I.R.C. § 6503(a)). Section 277 in its entirety provides:

> The running of the statute of limitations provided in section 275 or 276 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 272(a)) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the

decision of the Tax Court becomes final), and for sixty days thereafter.

11. *Id.,* ch. 5, § 1140, 53 Stat. 163 (now I.R.C. § 7481).

12. There is no evidence indicating whether the Kahns filed a petition for a writ of certiorari after the Second Circuit's affirmance of the Tax Court decision. If they did not, the decision became final upon expiration of the period allowed for filing such petition. If such petition was in fact filed, the Tax Court decision became final upon its denial. *See id.,* ch. 5, § 1140; text at note 11, *supra.* However, for purposes of this case, it is sufficient to note that the decision was not yet final as of March 26, 1955.

nal at that time, § 277 dictated the tolling of the statute of limitations on collection simultaneously with its commencement and that the statute remained tolled until 60 days after the decision of the Tax Court became final which, as plaintiff has admitted, was some time after March 26, 1955. Plaintiff, having conceded that the statute of limitations on collection would have been tolled until this time had the assessment been made prior to the commencement of the deficiency proceeding, nevertheless contends that the § 277 provision for suspension of the statute of limitations on collection does not apply in a case such as the instant one where the Commissioner has voluntarily made an assessment after a decision by the Tax Court, but before that decision has become final. Plaintiff bases this argument on the fact that § 277 provides for suspension if a proceeding *"is placed"* on the docket of the Tax Court (emphasis added). Plaintiff claims that this language evidences a legislative intent that the statute of limitations on collection be suspended only if it is already running at the time a proceeding before the Tax Court is commenced. Otherwise, plaintiff contends, Congress would have used the language "is or has therefore been placed before" the Tax Court.

This Court, however, cannot accept an argument based upon such semantic nuances in the face of the plain meaning of the section. If Congress had intended to discriminate regarding the availability of a toll depending on when an assessment was made, it would have been easy for it to have included a provision to that effect. Instead, it chose to use the broadest language possible, tolling the statute of limitations "in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court . . .," leaving the clear impression that such a proceeding was to suspend the running of the statute of limitations in all circumstances until the decision of the Tax Court became final. *Cf. United States v. Shahadi*, 340 F.2d 56 (3d Cir.), *cert. denied*, 381 U.S. 903, 85 S.Ct. 1447, 14 L.Ed.2d 285 (1965).

■ Plaintiff has pointed to nothing in the legislative history of the section which would refute its plain meaning. If anything, the 1928 House Committee Report, written at the time the phrase in question, *i. e.,* "in any event . . .," was added to the statute suggests that the language was selected to ensure the broadest possible applicability of the section. *See* J. S. Seidman, *Legislative History of Federal Income Tax Laws (1938–1861)* 551–52 (1938). Accordingly, plaintiff's interpretation would run counter to the principle that "[s]tatutes of limitation barring the collection of taxes must receive a strict construction in favor of the government. Limitation will not be presumed, in the absence of clear congressional action." *Lower Realty Co. v. Anderson*, 31 F.2d 268, 269 (2d Cir. 1929); *accord, E. I. duPont de Nemours & Co. v. Davis*, 264 U.S. 456, 462, 44 S.Ct. 364, 68 L.Ed. 788 (1924); *Lucia v. United States*, 474 F.2d 565, 570 (5th Cir. 1973); *McDonald v. United States*, 315 F.2d 796, 801 (6th Cir. 1963); *United States v. City of New York*, 134 F.Supp. 374, 378 (S.D.N.Y.1955).

Plaintiff additionally argues that *United States v. Estate of Shepard*, 319 F.2d 699 (2d Cir. 1963) (per curiam), supports her interpretation of § 277. However, plaintiff's reliance on *Shepard* is misplaced. In that case, the Tax Court entered a decision on August 28, 1952, the assessment list was certified on October 16, 1952, and the assessment made on October 24, 1952. On October 23, 1958, an action for collection of the tax was commenced. The taxpayer contended that the statute of limitations on collection ran from October 16, and thus had expired prior to the suit for collection. Plaintiff argues that the failure of the court in *Shepard* to resolve this question on the basis of suspension of the statute of limitations on collection indicates that there is no such suspension in a case in which the assessment is made subsequent to a decision of the Tax Court. However, the Court can draw no such inference from the *Shepard* case, as it was unnecessary for the Second Circuit even to consider § 277 in light of its simple disposition of the issue in favor of the government on the ground that the statute of limitations was measured from the date of assessment, not certification. *See id.* at 700.

Plaintiff lastly contends that policy reasons dictate the rejection of the government's interpretation of § 277 because to sustain that position would be to merge the statute of limitations on assessment and collection together for the first time, resulting in "complete confusion," and a "hopeless[ ] jumble[ ]." However, since plaintiff has cited no authority which in any way contradicts or conflicts with the government's interpretation of § 277, the Court can anticipate no such dire consequences from construing the statute in accordance with its plain meaning. If anything, the construction plaintiff urges is the one more likely to cause confusion: under that interpretation, if the IRS made an assessment one day prior to a taxpayer's placing a proceeding on the docket of the Tax Court, the statute of limitations on collection would be tolled until 60 days after a final decision; however, if the IRS assessed one day after the commencement of the proceeding, no toll at all would be afforded. Plaintiff has advanced no policy rationale to justify such a distinction, nor can the Court conceive of any.

Accordingly, the Court holds that the statute of limitations on collection was tolled in this case until some time after March 26, 1955. Therefore, it did not expire until after March 26, 1961. Since plaintiff concededly executed a waiver on December 28, 1960, the validity of the waiver of September 23, 1959 is immaterial. The December 28, 1960 waiver extended the statute of limitations on collection until December 31, 1965. An additional waiver, signed by plaintiff on October 26, 1965, extended the statute of limitations until December 31, 1970. Thus, collection of the tax on ' December 16, 1969 was timely.[13]

### Computation of Interest

Plaintiff contends that even if she is not entitled to a full refund, she is entitled to a refund of $18,404.99, which represents interest on interest erroneously charged to her. Plaintiff argues that under § 6601(f)(2) of the 1954 Internal Revenue Code, interest on interest is not permitted. While this is a valid observation, it is one irrelevant to this lawsuit. Subtitle F of the 1954 Code, which includes § 6601(f)(2), applies to taxes imposed by the 1939 Code only to the extent provided in § 7851(a)(6)(B) and § 7851(a)(6)(C). I.R.C. § 7851(a)(6)(A). Neither § 7851(a)(6)(B) nor § 7851(a)(6)(C) deals with the prohibition of "interest on interest" found in § 6601(f)(2). Hence, the question of whether compound interest may be collected is governed by the 1939 Code, not the 1954 Code. *United States v. Glasser*, 287 F.2d 433 (7th Cir. 1961); *Cohen v. United States*, 279 F.Supp. 1017 (S.D.N.Y.1968). Section 294(b) of the 1939 Code provides that interest is recoverable by the IRS on both unpaid tax and interest assessed. Int.Rev. Code of 1939, ch. 1, § 294(b), 53 Stat. 88. Accordingly, the IRS did not err in collecting compound interest from plaintiff.

For the foregoing reasons, plaintiff's motion for summary judgment is denied and the complaint is dismissed.

It is so ordered.

---

**13.** Plaintiff has not contested the validity of the December 28, 1960 and the October 26, 1965 waivers. Rather, she has admitted that her signatures on those waivers are genuine and that she "certainly understood what [she] was doing. . . ."