**AMERICAN FIDELITY FIRE INSURANCE COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 84–2381–H.**

United States District Court, W.D. Tennessee, W.D.

Sept. 24, 1985.

Paul E. Steen, Less & Scroggs, Memphis, Tenn., for plaintiff.

Betsy E. Burke, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HORTON, District Judge.

American Fidelity Fire Insurance Company, plaintiff, brought the above styled action, pursuant to 26 U.S.C. § 7426, to recover retainage funds previously held by Allen & O'Hara, Inc., and levied upon by the Internal Revenue Service. The funds were due Norris Contractors, Inc., upon completion of a subcontract with Allen & O'Hara, Inc., but Norris ultimately defaulted. Plaintiff, as surety for Norris, was required to complete the contract at a cost of $7,241.57 and then claimed the retainage funds by right of subrogation. In the interim, the Internal Revenue Service had already levied upon and seized the funds to satisfy delinquent taxes owed by Norris.

In response to the complaint, defendant moved to dismiss claiming this Court lacked jurisdiction because the claim was barred by the applicable statute of limitation contained in 26 U.S.C. § 6532. It is further argued that because the plaintiff's claim under § 7426 is time-barred and the doctrine of sovereign immunity precludes pursuit of the action under any other jurisdictional authority, the complaint must be dismissed.

Following a response by plaintiff in which it was argued the application of the nine month statutory limitation period would be inequitable in that the plaintiff's claim would be barred prior to any payment having been made pursuant to the surety agreement, the parties, by consent, submitted a pretrial order. In that order, the parties agreed that no issues of fact were contested and that if the Court has jurisdiction over the action, plaintiff is entitled to recover. It was further agreed that a trial would not be necessary in that the Court's ruling on defendant's motion to dismiss would be dispositive of the action.

The Pretrial Order was entered as an order of this court on September 19, 1985.

The Court, after opting to treat defendant's motion to dismiss as one for summary judgment pursuant to Rule 12(b), Federal Rules of Civil Procedure,[1] has reviewed the entire record in this case and concludes the plaintiff's claim is barred by the statute of limitation. Thus, defendant is, as a matter of law, entitled to entry of judgment in its favor.

### Discussion

Under 26 U.S.C. § 7426, persons other than the taxpayer are authorized to bring a civil action against the United States to contest a tax levy upon property to which such persons claim an interest. However, that right is limited by 26 U.S.C. § 6532(c) that requires an action brought by third persons must be commenced within nine months of the date of levy. It is undisputed that plaintiff did not commence this action within nine months of the levy. Plaintiff did submit a claim to the Internal Revenue Service asserting its right to the retainage funds but again it is undisputed that the claim was made outside the nine month period following the levy.

This Court concedes, as apparently does the defendant, that plaintiff had priority to the retainage funds by virtue of the surety agreement. The only issue before the Court is whether the plaintiff lost its right by failing to assert its claim within nine months of the levy.[2] Plaintiff argues the application the statute of limitations in this case would be inequitable in that the period expired prior to any payment by the plaintiff pursuant to its obligation as surety of Norris Contractors, Inc. It is further asserted, and this Court agrees, the case law cited by defendant illustrating the applica-

bility of the nine month statutory period is distinguishable from the present case. However, the plaintiff offers no case authority, nor did the Court's investigation reveal any, precisely analogous to the present action.

In addressing the issue presented by this case as one of first impression, this Court must be mindful of the strict construction in favor of the government given to statutes of limitation regarding the collection of taxes. *See Kahn v. United States*, 444 F.Supp. 388 (S.D.N.Y.1977) *aff'd.*, 590 F.2d 48 (2d Cir.1978). It is also important to consider the rationale underlying the imposition of the short statute of limitations for actions brought under § 7426. The Court of Appeals for the Fifth Circuit in *United Sand and Gravel Contractors, Inc. v. United States*, 624 F.2d 733 (5th Cir.1980) explained that rationale.

> The obvious reason for a short statute of limitations is to resolve doubts concerning the status of the taxpayer's account swiftly. If someone else successfully claims property already credited against the taxpayer's tax liability, the United States must look to other assets of the taxpayer to satisfy the taxpayer's liability. I.R.C. § 6532(c) protects the legitimate interest of the United States in requiring other claimants of the seized property to bring their claims quickly.

624 F.2d at 739.

Plaintiff argues that equity requires this Court to forego a strict application of § 6532 to the present case. The Court cannot agree.

In its memorandum opposing defendant's motion to dismiss, plaintiff argues it "had no right to the funds during the nine (9)

---

1. Fed.R.Civ.P. 12(b) states in relevant part: "If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."

2. Plaintiff alleged in its complaint that it notified the Internal Revenue Service of its claim of

priority to the funds shortly after the levy. If such a notification is construed as a request for the return of the property, § 6532(c)(2) would extend the statutory filing period for 12 months from the date of such request. Since the complaint was not filed within 12 months of that date the Court need not address the question of whether the notification was a sufficient request to trigger § 6532(c)(2).

month statute of limitations and any attempt to enforce its rights would have proved fruitless and meaningless during said period." Plaintiff claims that application of the statute would bar its remedy before its right of action accured. While the argument is facially appealling, this Court is of the opinion that the plaintiff did indeed have an available remedy during the nine month period following the levy.

Section 7426(b)(1) provides:

If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the Court may grant an injunction to prohibit the enforcement of such levy....

In *Myers v. United States,* 647 F.2d 591 (5th Cir.1981), the court in construing § 7426 stated: "A levy is wrongful within the meaning of the Act if ... the levy ... will destroy or irreparably injure the plaintiff's interest in the property that is superior to the federal tax lien." *Id.* at 603 n. 18. The court expressly stated that a "third person is permitted immediate access to the court on his claim of wrongful levy including the right to seek injunctive relief." *Id.* at 602–03.

This Court concludes that plaintiff had knowledge of the tax lien and could have sought relief during the nine month period under § 7426(b)(1). Failure to do so defeats the plaintiff's argument that application of the nine month statute of limitations would be inequitable. Therefore, it is the decision of this Court, defendant is entitled to judgment as a matter of law in that plaintiff's claim is barred by the statute of limitations. Defendant's motion for summary judgment is hereby granted.